UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| ROBERT CONLEY, | ) |
|---|---|
| *Plaintiff,* | ) |
| v. | ) No. 4:09-cv-29 |
| | ) *Mattice/Carter* |
| LINCOLN COUNTY JAIL, LINCOLN COUNTY JAIL STAFF, LINCOLN COUNTY MEDICAL STAFF, SHERIFF MURRAY BLACKWELDER, AND ROBERT ROWE, | ) |
| *Defendants.* | ) |

**MEMORANDUM AND ORDER**

Plaintiff Robert Conley ("Conley") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 3). Conley claims the Lincoln County Jail officials refused to protect him and other inmates from an inmate infected with Tuberculosis ("TB"), thus exposing them to a substantial risk of serious harm in violation of the Eighth Amendment. Specifically, Conley claims he was eating sitting next to a TB-infected inmate and was in contact with the inmate everyday until the inmate was released (Court Doc. 3, p. 4). Conley is seeking $800,000 in compensatory damages (Court Doc.3).[1]

The allegations concerning the lack of safeguards for inmate to inmate transmission of TB, a communicable disease, taken as true, as they must be, are cause for concern, and therefore, given the nature of the allegations, Defendants should respond to those allegations promptly, as required by the Rules. Specifically, Defendants must respond to

---

[1] Although Conley claims "[t]his is a part of the class action 1983 law suit against lincoln [sic] County Jail of Fayetteville, TN. File no. 409-CV8," [Court Doc. 3, p. 4], the Court advises Conley that Civil Action 4:09-cv-8 is not a class-action lawsuit.

1

those allegations no later than **twenty (20) days** after being served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A)(I).

I.  **Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Conley that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Conley is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Conley is an inmate or prisoner in custody at the Lincoln County Jail, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Conley shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Conley's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 200 South Jefferson Street, Winchester, Tennessee 37398, as an initial partial payment, whichever is the greater of

(a)  twenty percent (20%) of the average monthly deposits to Conley's inmate trust account; or

(b)  twenty percent (20%) of the average monthly balance in Conley's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Conley's preceding monthly income (or income credited to his trust account for the preceding month), but only

2

when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and the custodian of inmate accounts at the Lincoln County Jail, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Conley's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Conley shall collect the filing fee as funds become available. This order shall become a part of inmate Conley's file and follow the inmate if he is transferred to another institution. The agency having custody of Conley shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

Conley is **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Conley to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II. Identity of Defendants

### A. *Lincoln County Jail and Lincoln County Sheriff's Department*

Plaintiff identifies the Lincoln County Jail ("Jail") and the Lincoln County Sheriff's Department ("Sheriff's Department") as defendants in this case. Neither the Jail nor the Sheriff's Department is a legal entity amenable to being sued under 42 U.S.C. § 1983. The Jail is merely a name assigned to the building which houses inmates. The Jail is not a

municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v. Greene County "Jail" Detention Center*, 2007 WL 2159295 (E.D. Tenn. July 26, 2007) ("The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983."); *Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983").

The Sixth Circuit has instructed that a police department is not an entity which may be sued, but rather, the proper party to address the allegations in a complaint, is the county. *Matthews v. Jones*, 35, F.3d 1046, 1049 (6th Cir. 1994) (citations omitted). Therefore, the Sheriff's Department is not a proper defendant. *Jefferson Bradford v. Gardner*, 578 F. Supp. 382, 383 (E.D. Tenn. 1984) (county sheriff's department is not a suable entity under § 1983); *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981) (city police department is not a suable entity under § 1983). Lincoln County may be held liable for Conley's alleged injuries only if the injuries were the result of an unconstitutional policy or custom of the County. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Since Conley has sued the remaining defendants in their official capacity, he has effectively sued Lincoln County.

> B. *Lincoln County Jail Staff and Lincoln County Medical Staff*

Rather than identifying, by name, the individual jail staff members or medical staff members whom he claims violated his constitutional rights, Conley identifies the Lincoln County Jail Staff and the Lincoln County Jail Medical Staff as defendants. Since the jail

4

staff is a non-suable entity under § 1983, it will be dismissed from the lawsuit. *See Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, *3 n. 1 (E.D. Tenn. June 5, 2006 (noting that the Hamilton County Jail Staff and the Hamilton County Medical Staff are a subdivisions of the sheriff's department and not legal entities subject to being sued) (citing to *Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir.1973) for its holding that a state prison medical department is not a "person" under § 1983)). Accordingly, the jail staff and medical staff are **DISMISSED** from this action, subject to Conley's right to file a motion to amend the complaint with the appropriately named individuals. See Fed.R.Civ.P. 15.

### III.    Service

The Clerk is **DIRECTED** to send Conley a service packet (a blank summons and USM 285 form) for the remaining defendants named in this action, Sheriff Murry Blackwelder and Robert Rowe. Conley is **ORDERED** to complete the service packet and return it to the Clerk's Office **within twenty (20) days** from the date of receipt of this Order. At that time the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Conley is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint **within twenty (20) days** from the date of service.

Conley is **ORDERED** to inform the Court, and Defendants or their counsel of record, immediately of any address changes. Failure to provide a correct address to this Court

5

within ten (10) days following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER.

                                                         */s/Harry S. Mattice, Jr.*
                                                       HARRY S. MATTICE, JR.
                                           UNITED STATES DISTRICT JUDGE