UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| ROBERT CONLEY, | ) |
| *Plaintiff,* | ) |
| v. | ) No. 4:09-cv-29 |
| | ) *Mattice/Carter* |
| LINCOLN COUNTY JAIL, LINCOLN COUNTY JAIL STAFF, LINCOLN COUNTY MEDICAL STAFF, SHERIFF MURRAY BLACKWELDER, AND ROBERT ROWE, | ) |
| *Defendants.* | ) |

**MEMORANDUM AND ORDER**

Plaintiff Robert Conley ("Conley") filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 (Court Doc. 3). On April 29, 2009, a Memorandum and Order [Court Doc. 4] was issued which was returned to the Court marked "Return to Sender; not here" [Court Doc. 6]. In addition, a letter was sent from the Sheriff's department notifying the Court Conley was released on April 22, 2009 [Court Doc. 5]. Conley was forewarned that failure to notify the Court of any address change within ten days following the change, would result in the dismissal of this action [Court Doc. 3, p. 5].

Conley has not notified the Court of a current address; thus, the Court is unable to mail an Order and service packet to him. Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit when a plaintiff fails to prosecute his case. The Court's inability to communicate with Conley and the Court's interest in managing the docket weigh in favor of dismissal, as the Court cannot hold this case in abeyance indefinitely based on Conley's failure to notify the Court of his current address.

1

Conley has given no indication that he intends to proceed with this action. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases. Given the Court's inability to communicate with Conley due to his failure to keep the Court apprised of his current address, no lesser sanction than dismissal is feasible.

Therefore, this action will be **DISMISSED** for Conley's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

    /s/Harry S. Mattice, Jr.
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE

2

Case 4:09-cv-00029-HSM-WBC   Document 7   Filed 05/15/09   Page 2 of 2   PageID #: 20